No. 2077

Second Circuit

---

EASTMAN v. AFRO-AMERICAN AID SOCIETY

---

(June 30, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, unless clearly erroneous, is affirmed.

·Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuels, Judge.

Action by D. W. Eastman against Afro-American Aid Society.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. Overton Brooks, of Shreveport, and Richard K. Boney, of Tallulah, attorneys for plaintiff, appellee.

Murff, Mabry & Perkins, of Shreveport, attorneys for defendant, appellant.

WEBB, J. I. D. Eastman joined the Afro-American Aid Society on July 20, 1922; she died on January 1, 1923; and this action is brought by her husband, D. W. Eastman, assignee of the policy issued to I. D. Eastman by the society.

The parties in their briefs state that the sole question to be considered in this case is one of fact, that is, whether or not decedent had paid the assessments or pre-miums due under the policy.

The policy provides for the payment of annual dues of fifty cents and state tax ten cents in September of each year, of one dollar burial tax in January and widow tax of ten cents and orphan· tax of five cents in May, and quarterly dues of one dollar within the first ten days of each quarter.

The defendant organization is what is commonly known as a burial society, usually organized for the purpose of pay-ing the burial expenses of the members and paying to their heirs or assigns or beneficiary a small sum of money, and as usual in cases where a contest arises it is quite difficult from the lax business methods of such organizations and their members to determine when and how ·the deceased paid dues.

In the present instance, the policy or certificate issued to decedent does not show whether or not the premiums or dues were paid at the date of the issuance of the policy, but a card was given to the newly initiated member and on this card it appears that decedent paid one dollar burial tax, twenty-five cents state tax, and quarterly taxes of one dollar and twenty-five cents in July and October, and that she made payments of fifty cents each in July, August, November and December, which payments appear to have been placed under the head of "monthly dues" and which payments do not appear to have been called for under the policy.

The grand master and treasurer of ·the society states, however, that she had re-mitted fifty cents for dues in September, which we assume was for the annual dues of fifty cents made payable on that date under the policy.

The plaintiff states that the memoranda of payments shown on the card were made by the grand master, and defendant does not question the authority of the grand master to have accepted the payments or to have remitted the payment of fifty cents called for by the policy.

The grand master's testimony is not by any means clear but indicates that he was of the opinion that decedent had not paid the dues called for under the terms of the policy or certificate, although it appears from letters and telegrams written by the grand master immediately after the ·death of the policy holder that he was at that time of the opinion that decedent was in good standing.

The memoranda shown on the card which was given to decedent at the time the cer-

tificate was issued, considered in connection with the testimony of the grand master of the remission by him of the annual dues of fifty cents payable in September, accounts for all dues called for by the policy or certificate, and plaintiff's testimony that the memoranda was made by the grand master, whose authority is not questioned, we think warranted the judgment against defendant, although the extract taken from the books of the society does not show the payments indicated on the card.

The judgment is affirmed.